Filed 10/21/13  In re Willie W. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re WILLIE W., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B245545 (Super. Ct. No. J069062) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>K.S.,<br><br>    Defendant and Appellant. | |

    Eight year old Willie W. suffers from acute asthma.  His mother, K.S., loves her son but has not accepted the evidence of his illness and provided him with care necessary to protect him from its effects.  The law recognizes, as it must, that parents have a fundamental right to the make decisions concerning the care, custody and control of their minor children free from the unjustified intervention of government.  (*Santosky v. Kramer* (1982) 455 U.S. 745, 753; *In re Keisha E.* (1993) 6 Cal.4th 68, 76.)  At the same time, the state has the duty and the right to protect children who are at substantial risk of injury and to provide them with safe and stable homes.  (*In re Josiah Z.* (2005) 36 Cal.4th Cal.App.4th 664, 673.)  "These proceedings are 'designed not to prosecute a parent, but to

protect the child.'" (*Ibid.,* citing *In re Malinda S.* (1990) 51 Cal.3d 368, 384.) Here the parental right must yield to the duty of the state to secure the best interests of the child.

K.S. appeals from the juvenile court's orders declaring her son, Willie W., a dependent child and removing him from her custody. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, 8-year-old Willie lived with mother, his 6-year-old sister, 11-year-old brother and their 15-year-old half-brother.

On September 5, 2012, Willie had a severe asthma attack at school. Unable to reach mother, school officials called an ambulance. Paramedics took Willie to Simi Valley Hospital. Dr. Alan Kuben saw Willie in the emergency room on September 5, diagnosed him with "acute asthmatic bronchitis," and prescribed medication for him. On September 5, school officials told mother that Willie needed a rescue inhaler at school.

On September 11, 2012, Willie returned to school. Mother had not provided the school with a rescue inhaler or a medication authorization. Willie was wheezing and complaining of tightness in his chest. That morning, a Ventura County Human Services Agency (HSA) social worker and a public health nurse (PH nurse) visited mother at home. They told her to take Willie and his sister to their primary care doctor, Khristian Mueller, at Moorpark Family Care Center (Moorpark Care) as soon as possible to get their medication for home and school. The PH nurse scheduled September 12, 2012 appointments for them and mother agreed to take them to those appointments. She failed to do so. On September 13, mother told the social worker she had an urgent appointment on September 12th regarding an electricity shut-off notice. The social worker told her to take Willie and his sister to Sierra Vista Family Medical Clinic's Urgent Care (urgent care) that day (September 13). Dr. Hook examined Willie at urgent care on September 13, prescribed medication for asthma and completed a form medication authorization for the school. Dr. Hook advised mother to follow up with Willie's primary doctor in a week. Mother failed to do so. On September 19, 2012, the PH nurse went to mother's home. She heard voices inside and knocked on the door. Nobody answered.

2

On September 21, 2012, Willie had an asthma attack at school. Unable to reach mother, the school called for paramedics, who arrived just before mother. Mother spoke with the paramedics and they left without Willie. The school told mother to take Willie to his Moorpark Care primary care doctor that day. She set a September 24 appointment for him at Moorpark Care, but did not keep it.

On September 26, 2012, mother brought Willie's medication to school. Dr. Kuben had prescribed the medication on September 5, but the prescriptions were not filled until September 13, 2012. One prescription, an antibiotic, remained nearly full. In a letter dated September 26, 2012, Dr. Mueller expressed concern about the failure of Willie's parents to "bring him to several follow up appointments [in April, May, and September, 2012] to discuss his asthma." Dr. Mueller was "quite concerned about this uncontrolled asthmatic child," and explained that "[a]sthma can be a life threatening condition, and regular follow-up visits are paramount to providing optimum asthma control." Other doctors who diagnosed Willie with asthma include Dr. Alfred Yu, who saw him on January 25, 2012; Dr. Kuben, who saw him on February 20, 2011 and September 5, 2012; and Dr. Hook, who saw him on September 13, 2012.

On September 26, 2012, HSA took Willie into protective custody and placed him in foster care. On September 28, 2012, HSA filed a petition alleging that mother failed to protect Willie and father failed to support him. (Welf. & Inst. Code, § 300, subds. (b) & (g).)[1] The petition alleged that mother's failure to provide adequate medical treatment for Willie's severe asthma placed him at substantial risk of suffering serious physical harm.[2] The petition also alleged that mother's failure to take Willie to medical appointments to get necessary prescriptions had resulted in his having severe asthma attacks at school that required paramedic assistance.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] HSA filed separate section 300 petitions for Willie's siblings. This appeal concerns only Willie's petition.

While in foster care, Willie received regular medical treatment, including medication which addressed his breathing problems. As a result, Willie slept well, and was able to run and participate in more school activities.

Mother represented herself at the contested jurisdictional and dispositional hearing on November 29, 2012. HSA presented its jurisdictional and dispositional report, the detention report, and a November 29, 2012 report, with copies of medical records and other documents.

Mother testified that she did not neglect Willie's medical conditions, but obtained care for him as needed, with doctors, including emergency room doctors. She also testified that Willie does not have asthma, and that the result was negative when Dr. Mueller tested Willie for asthma in August 2010. Mother further testified the "school nurse has made [school personnel] paranoid" about Willie's health. She said that on September 21, 2012, when the school "reported that [Willie] was having difficulty speaking [and] couldn't breathe," four minutes later he was "receiving 100 percent oxygen [and] speaking fine." Mother testified about various reasons she could not take Willie to follow-up appointments. She claimed it was "not possible" to get a two-week or one-week follow-up appointment, because it takes "three weeks . . . before you can be seen." However, she never tried telling the doctor's office he needed an earlier follow-up appointment after a hospital visit.

The juvenile court sustained the petition and found that Willie was at risk of suffering serious physical harm or illness because of mother's failure or inability to protect him adequately and the provide adequate medical treatment. It declared that Willie was a dependent child, ordered his removal from mother's custody, and ordered reunification services and supervised visitation for mother. The court also sustained the allegation that father failed to support Willie.

## DISCUSSION

*Substantial Evidence Supports the Jurisdictional Orders*

Mother first contends the evidence was insufficient to support the jurisdictional findings that the allegations of the petition were true. We disagree.

4

"On appeal from an order making jurisdictional findings, we must uphold the court's findings unless, after reviewing the entire record and resolving all conflicts in favor of the respondent and drawing all reasonable inferences in support of the judgment, we determine there is no substantial evidence to support the findings. [Citation.]" (*In re Veronica G.* (2007) 157 Cal.App.4th 179, 185.) A trial court's determination will not be disturbed unless it exceeds the bounds of reason. (*In re Ricardo L.* (2003) 109 Cal.App.4th 552, 564.)

In challenging the juvenile court's finding that Willie was at substantial risk of substantial risk of suffering serious physical harm, mother relies primarily on evidence that she presented below. For example, she claims that Willie's "breathing difficulties were not severe." The court reasonably relied on the contrary evidence which supports its finding. Numerous doctors diagnosed Willie with asthma, a condition that can be life threatening. Mother did not fill a prescription an emergency room doctor provided on September 5 for Willie until September 13, and she failed to take Willie for maintenance and follow-up appointments recommended by doctors. Without asthma medication, Willie had difficulty breathing, did not sleep well, and had severe attacks at school. While in foster care, Willie received prescribed medication, slept well, breathed better, and ceased having asthma attacks at school. Substantial evidence supports the court's finding that mother failed to provide adequate medical treatment for Willie and that he was at substantial risk of physical harm.

We also reject mother's claim that there is not sufficient evidence to support the finding that father failed to support Willie. The undisputed evidence showed that his whereabouts were unknown.

*Substantial Evidence Supports the Dispositional Order*

Mother further claims there is not sufficient evidence to support the juvenile court's dispositional order removing Willie from her custody. We disagree.

Removal of the child from a parent's physical custody requires a finding by clear and convincing evidence that "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the

5

minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's or guardian's physical custody." (§ 361, subd. (c)(1); California Rules of Court, rule 5.695(d).) On appeal we determine only whether the record contains substantial evidence to support the court's findings. Whether the standard for the court is a preponderance of the evidence or clear and convincing evidence, the standard on appeal is the same. That is, on appeal, "the clear and convincing test disappears . . . [and] the usual rule of conflicting evidence is applied, giving full effect to the respondent's evidence, however slight . . . ." (*Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 881; see also *In re Walter E.* (1992) 13 Cal.App.4th 125, 139-140.)

There is substantial evidence that mother put Willie's health at risk by failing to obtain and administer the proper medication for his asthma. Instead of addressing her failure to provide Willie with adequate medical care, mother persistently argued that Willie had some condition other than asthma. The juvenile court explained its concern to mother as follows: "If a child can't breathe, I don't care what we're calling it . . . and the hospital says we are releasing him but he's got to see his primary care physician and you don't do it, that's negligent no matter what you believe he has." Mother also claimed she could not take Willie to follow up appointments because it was not possible to get an appointment. The court advised her, "If you really don't believe that you can get a doctor's appointment, call. Show us proof that you tried . . . if you can't get a doctor's appointment . . . , you call the social worker [and ask], . . . 'What can I do?' But you didn't do any of those things." Mother responded, "Never crossed my mind." The fact that mother did not acknowledge her lapses in protecting Willie's vulnerable physical condition supports the court's finding that he faced a substantial danger to his physical health if the court did not remove him from her custody.

Mother also claims that the juvenile court's order removing Willie from her custody is not supported by substantial evidence "because there were less drastic means to ensure Willie's physical safety and well being without removal." The record belies her claim. Before HSA removed Willie from mother's care, it made several attempts to use

less drastic means to ensure his well being.  Mother thwarted those attempts by failing to cooperate with HSA.  It made unannounced home visits, set up medical appointments for Willie, and monitored the family's compliance.  For example, during a September 11, 2012 home visit, mother agreed to take Willie to a September 12th appointment that the PH nurse scheduled for him.  Mother failed to do so.  The court reasonably concluded that it could not ensure Willie's physical safety without removing him from mother's custody.

## DISPOSITION

The order declaring Willie a dependent of the court and removing him from mother's custody is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

7

Ellen Gay Conroy, Judge

Superior Court County of Ventura

_____

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, County Counsel, and Joseph J. Randazzo, Assistant County Counsel, for Plaintiff and Respondent.